UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMUEL T.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-896-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding his disability ended on May 2, 2023, due to medical improvement of his psychological conditions. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Based on his application for supplemental security income, Plaintiff was found to be disabled beginning April 1, 2010. Tr. 95-101. A review of Plaintiff's disability was performed in January 2017, at which time it was determined Plaintiff's disability should be continued. Tr. 102-11. In June 2023, Plaintiff's disability was reviewed again, at which time it was determined his disability ceased effective May 2, 2023, because there was insufficient evidence to determine ongoing disability. Tr. 112-30. Plaintiff sought review, and after conducting a hearing, ALJ

Evangeline Mariano-Jackson issued a decision finding Plaintiff's disability ended on May 2, 2023, and he had not become disabled again since that date. Tr. 17-30. The Appeals Council denied Plaintiff's request for review. Tr. 1-3.

The ALJ used the seven-step evaluation process for determining whether a person's disability has ended. *See* 20 C.F.R. § 416.994(b)(5). This process is similar to the five-step initial disability evaluation process, but in addition asks whether the claimant has experienced medical improvement and, if so, whether the medical improvement is related to the ability to work. *Id.* If there is medical improvement related to the ability to work, the ALJ must reevaluate the claimant's residual functional capacity (RFC) and determine whether the claimant can perform his past relevant work or other work. *Id.* The ALJ determined Plaintiff experienced medical improvement as of May 2, 2023; the medical improvement was related to his ability to work because it increased his RFC; that Plaintiff can perform work existing in significant numbers in the national economy; and his disability therefore ended as of May 2, 2023. Tr. 17-30.

## DISCUSSION

The Commissioner of Social Security must conduct periodic continuing disability reviews of persons who receive disability benefits. *See* 42 U.S.C. § 421(i); 20 C.F.R. § 416.989. Continuing disability decisions are to be made on a neutral basis; a claimant is not entitled to a presumption of continuing disability. *Lambert v. Saul*, 980 F.3d 1266, 1276 (9th Cir. 2020). A claimant is no longer entitled to benefits when substantial evidence demonstrates (1) there has been medical improvement, and (2) the claimant is now able to engage in substantial gainful activity. *Attmore v. Colvin*, 827 F.3d 872, 873 (9th Cir. 2016) (citing 42 U.S.C. § 423(f)(1)). To determine whether medical improvement has occurred, the ALJ must compare the current medical severity of the claimant's impairment to the severity of the impairment at the time of the

most recent favorable decision. *Id.* "[T]he key question is…whether the severity of the problem had decreased sufficiently to enable [the claimant] to engage in gainful activity." *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006).

**A. Plaintiff's Testimony**

Plaintiff argues the ALJ improperly evaluated his testimony in finding that he medically improved. Dkt. 10 at 1. The ALJ did not find malingering and was thus required to articulate "clear and convincing reasons" to reject Plaintiff's testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify which testimony the ALJ found not credible and explain which evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter*, 806 F.3d at 494.

The ALJ found the alleged severity and frequency of Plaintiff's symptoms and limitations were not corroborated by the record and were inconsistent with his failure to seek treatment between 2021 and 2025. Tr. 27-28.

**1. Failure to Seek Treatment**

An ALJ may properly consider an unexplained or inadequately explained failure to seek treatment in evaluating a claimant's testimony. *Molina v. Astrue,* 674 F.3d 1104, 1112 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). That said, the Ninth Circuit has recognized it "is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater,* 100 F.3d 1462, 1465

(9th Cir. 1996). This is particularly relevant here, where Plaintiff has a longstanding history of impaired judgment and insight. *See, e.g.*, Tr. 569 (insight often limited, 3/29/19); 572 (judgment/reasoning and insight noted as impaired, 6/27/18); 575 (same, 10/27/17); 581 (same, 12/21/16); 583 (same, 8/28/15).

Plaintiff has also exhibited paranoia and distrust of systems. *See, e.g.*, Tr. 403 (distrustful of systems, 1/7/25); Tr. 409 ("If the judge disagrees, client feel that this is just proof that the system was rigged the whole time." 8/15/23); Tr 426 ("Client still feels that there are people that are intentionally trying to make his life difficult." 2/19/24); Tr. 437 ("Client expressed concern over feeling like he is being targeted for money, not receiving his benefits, and that his car insurance has also been targeted." 7/11/24); Tr. 569 ("Frequent paranoid/persecutory delusions that he's [mistreated] by "everyone" "everywhere" and "the system."" 3/29/19). Because the record reflects Plaintiff has limited insight and judgment, his failure to seek mental health treatment is not a clear and convincing reason to reject his testimony.

**2. Corroboration by Record**

The ALJ found the record did not corroborate Plaintiff's testimony, noting that evidence of appropriate interaction with providers, normal judgment and insight, intact memory and cognition, and appropriate or unremarkable hygiene and grooming suggested Plaintiff's functioning had improved. Tr. 27-28. Although the lack of supporting objective medical evidence can serve as a basis for discounting Plaintiff's testimony, it cannot be the sole reason to reject such testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). An ALJ "cannot effectively render a claimant's subject symptom testimony superfluous by demanding positive objective medical evidence "fully corroborat[ing]" every allegation within the subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 495 (9th Cir. 2022). Because the ALJ's other

reason for rejecting Plaintiff's testimony was not supported by substantial evidence, the ALJ could not solely rely on this reason to reject Plaintiff's testimony. *See Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's other reason to reject testimony was legally insufficient, the sole remaining reason premised on the absence of objective medical support could not justify an adverse credibility determination).

Moreover, even assuming such a reason could be legally sufficient in theory, it is not supported by substantial evidence here. "Cycles of improvement and debilitating symptoms are a common occurrence" with mental health issues. *Garrison v. Colvin,* 759 F.3d 995, 1017 (9th Cir. 2014). An ALJ must consider reports of improvement within the greater context of the claimant's impairment and errs by treating isolated instances of improvement as a basis for finding a claimant not disabled. *Id*. The ALJ must also consider such reports with an awareness that improved functioning does not mean a claimant has necessarily improved to a point where they are capable of sustaining full-time gainful employment. *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Here, the evidence indicates Plaintiff continues to struggle with symptoms of paranoia, irritability, anger, and stress that impact his ability to maintain employment. *See, e.g.,* Tr. 403, 426, 454, 485-86, 671, 685, 689. Accordingly, the ALJ harmfully erred in rejecting Plaintiff's testimony, and the case must be remanded for further proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Plaintiff's testimony, develop the record and redetermine RFC as necessary, and proceed to the remaining steps of the sequential evaluation process as appropriate.

DATED this 27th day of July, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge